782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
NIGEL WINFIELD, GABRIEL ROBERT CAGGIANO, RAYMOND W. BASZNER,
Defendants-Appellants.
 82-5573, 82-5587, 82-5598, 84-5488, 84-5906
 United States Court of Appeals, Sixth Circuit.
 12/2/85
 
 Before: ENGEL and MILBURN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Raymond W. Baszner, Gabriel Robert Caggiano, and Nigel Winfield appeal their jury convictions in the United States District Court for the Western District of Kentucky for interstate transportation of property and money taken by fraud and aiding and abetting the crime. The defendants also appeal from the district court's order denying their motions for a new trial on the basis of newly discovered evidence.
 
 
 2
 In October, 1977, Baszner, Caggiano and four other co-defendants were charged in a seventeen-count indictment with mail and wire fraud, interstate transportation of fraudulently obtained property and money, and conspiracy. At an August, 1978 trial on these charges, the jury convicted one defendant but failed to reach a verdict on any count against Caggiano and on eight of the counts against Baszner. The jury acquitted Baszner on one count of mail fraud and two counts of wire fraud. The court declared a mistrial concerning the counts of the indictment on which the jury had been unable to reach a verdict.
 
 
 3
 On November 17, 1978, a superseding indictment was returned against Baszner, Caggiano, a third original co-defendant named J. Laurence Wolfson, and a new defendant, Nigel Winfield. The new indictment charged these defendants with essentially the same counts, and did not contain any mail fraud charges or any of the charges on which Baszner had been acquitted. After several lengthy delays, the defendants went to trial in May, 1982. The jury acquitted each of the defendants on Counts 1, 2, 3, 4 and 7. However, it found Winfield and Wolfson guilty on Count 5 and Baszner and Caggiano guilty on Count 6. Those counts charged interstate transportation of property and money taken by fraud and aiding and abetting the crime. The defendants appealed these convictions.
 
 
 4
 While the appeals were pending, the defendants discovered evidence that Frederick Pro, a key government witness against them, had perjured himself at the trial. They moved the district court for a new trial based on this newly discovered evidence. A panel of our court granted a motion holding the appeals of their convictions in abeyance, pending resolution of the motions for new trial by the district court. On May 18, 1984, the district court entered an order denying the motions for new trial. Arguments concerning the denial of these motions have been consolidated with the appeals from the convictions.
 
 
 5
 On appeal the parties raise numerous issues. Winfield argues (1) that there is insufficient evidence to show that he knew that any checks had been taken by fraud, (2) that he was prejudiced by the improper admission in evidence of a check from Trans World Industries to Ena Winfield, and (3) that the finding of not guilty on the conspiracy charge shows that the jury considered improper hearsay testimony in reaching the verdict of guilty on the substantive charge. Caggiano argues (1) that he was denied his right to a speedy trial, (2) that the trial court improperly excluded hearsay testimony concerning what Vernon Presley would have testified had he been alive at the time of the second trial, and (3) that he was denied due process when the trial court failed to give the jury an Allen charge or modified Allen charge. Baszner contends (1) that he is entitled to a new trial because the government violated the Jencks Act, (2) that it was prejudicial error to allow the prosecution to present the videotaped deposition of Vernon Presley, and (3) that the district court erred in holding that the government was not collaterally estopped from prosecuting the superseding indictment. All three defendants argue that the trial court erred in denying their motions for new trial based upon newly discovered evidence. The government contends that the court of appeals has no jurisdiction over the appeals of Winfield and Baszner from the denial of their motions for new trial because there defendants did not file timely notices of appeal.
 
 
 6
 Of the several issues presented by the defendants, the most serious are the claim by Caggiano that he was denied his constitutional right to a speedy trial and the claim of all the defendants that their right to a fair trial was fatally impaired by the government's failure to notify defense counsel of Frederick Pro's alleged fraudulent misconduct between the time of the first and the second trials.
 
 
 7
 With respect to the speedy trial issue, we note that this case was commenced before the effective date of the sanctions provision of the Speedy Trial Act. 18 U.S.C. Sec. 3163 (1982). Therefore, we measure the circumstances here against the constitutional standards established by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972). We conclude that under the four-part balancing test of Barker, Caggiano's Sixth Amendment right to a speedy trial was not denied.
 
 
 8
 With respect to the assertion that the government wrongfully withheld information concerning Frederick Pro's more recent fraudulent activity, contrary to the principles set forth in Brady v. Maryland, 373 U.S. 83 (1963), we acknowledge that the issue is not without difficulty. Nevertheless, we are constrained to agree with the trial judge that there is no reasonable probability that had the information in question been disclosed to defense counsel, the result of the proceedings would have been different, see United States v. Bagley, 53 U.S.L.W. 5084 (U.S. July 2, 1985), especially given the extensive defense cross-examination going to the impeachment of Pro during the course of trial.
 
 
 9
 We find no merit to the other claims raised by the defendants.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.